**UNITED STATES DISTRICT COURTD**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | | |
|---|---|---|
| TRINITY WORLD OUTREACH CENTER, INC. | : | CASE NO. 3:24-CV-1-RGJ |
| | : | |
| | : | JUDGE |
| Plaintiff, | : | |
| | : | **NOTICE OF REMOVAL FROM THE** |
| v. | : | **CIRCUIT COURT OF JEFFERSON** |
| | : | **COUNTY, KENTUCKY** |
| BROTHERHOOD MUTUAL INSURANCE COMPANY | : | |
| | : | |
| | : | |
| Defendant. | : | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Brotherhood Mutual Insurance Company ("BMIC"), by and through counsel, submits this Notice of Removal to the United States District Court for the Western of Kentucky, with respect to the above-styled action, pending as Case No. 23-CI-07586 in the Circuit Court of Jefferson County, Kentucky. Defendant states the following grounds for removal:

**REMOVAL IS TIMELY**

On December 11, 2023, Plaintiff, Trinity World Outreach Center, Inc. ("Trinity") filed a civil action against Defendant, BMIC in the Circuit Court of Jefferson County, Kentucky. A true and accurate copy of the Complaint is attached hereto as Exhibit "A." BMIC was served with the Summons and Complaint on December 13, 2023. Therefore, this Notice is timely filed on January 2, 2024, pursuant to 28 U.S.C. §1446(b).

## A.    <u>DIVERSITY JURISDICTION EXISTS</u>

To establish diversity jurisdiction, must demonstrate that no plaintiff is a citizen of the same state as any properly joined defendant. 28 U.S.C. § 1332(a); *see also Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492, at *1 (E.D. Ky. May 28, 2015 (removing defendant must prove diversity jurisdiction by a preponderance of the evidence). A limited liability company's citizenship is determined by the citizenship of each party or member. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Plaintiff is Kentucky non-profit corporation with its principal place of business in Louisville, Jefferson County Kentucky.  (Compl. ¶ 1).   Defendant BMIC is a citizen of Indiana organized under the laws of Indiana with its principal place of business located at 6400 Brotherhood Way, Fort Wayne, IN 46825.  BMIC is an Indiana mutual insurance company formed in Indiana with its principal place of business in Ft. Wayne, Indiana.  Accordingly, pursuant to 28 USC 1332(c)(1) complete diversity of the parties exists.

A defendant may remove a state court action to federal court if the case could have been filed in federal court under section 1332(a). 28 U.S.C. § 1441(a). Section 1332(a), and by extension section 1441(a), requires complete diversity between the parties; no plaintiff can be a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005).

Accordingly, pursuant to 28 USC 1332(c)(1) complete diversity of the parties exists.

## B.    <u>AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

Plaintiff has asserted the following Causes of Action against Defendant in its Complaint:

2

1. Breach of Contract – Compl. ¶24;

2. Noncompliance with the Kentucky Insurance Code – Unfair Claims Settlement Practice Act -  Compl. ¶¶25-28;

3. Breach of the Duty of Good Faith and Fair Dealing. Compl. ¶¶29-31;

Plaintiff is seeking damages as follows:

1. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

2. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

3. For noncompliance with the Kentucky Insurance Code, Unfair Claims Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.

4. For knowing conduct of the acts complained of with respect to serious harm that was known to Defendant that would occur as a result of their misconduct, and Defendant's reckless disregard of the rights of Plaintiff, Plaintiff asks for an award of punitive damages under KRS §411.186.

5. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

6. For Defendant's failure to make a good faith attempt to settle the claim within the statutory time limits mandated under KRS 304.12-235, Plaintiff is entitled to

twelve (12) percent interest per annum of the value of the final settlement. KRS § 304.12-235.

7.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Kentucky. KRS § 304.12-235.

Compl. Damages at ¶¶33-39.

The value of the claims against Defendant exceeds $75,000.00.  The amount in controversy requirement is met where the defendant demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 based on a fair reading of the pleadings (*See e.g.*; "The amount in controversy is determined by the allegations in the complaint. If the complaint is not dispositive, a court looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by the statute." *Suwala v. Progressive Ins. Co.,* No. Civ. A.2005-135, 2005 U.S. Dist. LEXIS 21473, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005)(citing *Nat'l Nail Corp. v. Moore,* 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001)).  Additionally, the minimum amount in controversy is satisfied if a "fair reading " of the complaint makes it more likely than not that damages exceed $75,000. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 573 (6th Cir. 2001).)

Here, in addition to compensatory damages in excess of the Court's jurisdictional limit, Plaintiffs seek to recover attorneys' fees and punitive damages on the Causes of

Action for Noncompliance with the Kentucky Insurance Code – Unfair Claims Settlement Practice Act -  Compl. ¶¶25-28 and Breach of the Duty of Good Faith and Fair Dealing. Compl. ¶¶29-31.

The Court must consider requests for punitive damages and attorneys' fees in determining the amount in controversy, unless it appears to be a legal certainty that such damages and fees cannot be recovered.  For diversity jurisdiction, 28 U.S.C. § 1332 requires that the "matter in controversy exceed. . . the sum or value of $ 75,000, exclusive of interest and costs". "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."  In sum, the amount in controversy against Defendant includes compensatory damages in an amount in excess of the Court' jurisdictional limit, punitive damages requested at three times that amount, attorneys' fees.  A fair reading of the Complaint finds that the amount in controversy against Defendants easily exceeds $75,000.00.

## C. **CONCLUSION**

Based upon the above, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the Complaint presents a case where the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states; therefore, removal is proper.

Respectfully Submitted,

/s/ John C. Scott
JOHN C. SCOTT,  #99379
Attorney for Defendant, Brotherhood
Mutual Insurance Company

5

FAULKNER & TEPE, LLP
720 East Pete Rose Way, Suite 300
Cincinnati, Ohio  45202
(513) 421-7500
jscott@faulkner-tepe.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2024, the foregoing was filed electronically using the CM/ECF system, which will serve all parties of record.

/s/ John C. Scott_____
JOHN C. SCOTT

6